**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD ALAN DAVIS,                                                                                     PLAINTIFF
ADC # 89568

V.                                      5:13CV00351-DPM-JJV

RAY HOBBS, Director, Arkansas
Department of Correction; et al.                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   INTRODUCTION**

Richard Alan Davis is an inmate of the Arkansas Department of Correction (ADC). He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Defendant Meinzer violated his constitutional rights by retaliating against him for filing a lawsuit (Doc. No 4).[1] Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 49) seeking dismissal of the Complaint with prejudice. Plaintiff has responded (Doc. No. 52) and the matter is ripe for a decision.

**II.   BACKGROUND**

Plaintiff alleges that on October 9, 2012, Defendant Meinzer received a Summons and Plaintiff's § 1983 Complaint (Doc. No. 4 at ¶ 16). That same day, Meinzer charged Plaintiff with a major disciplinary violation (Doc. No. 52 at 9). Plaintiff claims this disciplinary violation was issued in retaliation for filing his lawsuit. (Doc. No. 4 at ¶ 35.)

Although Defendant Meinzer admits he issued the October 9, 2012, disciplinary (Doc. No. 50 at ¶ 4), he states the disciplinary was issued solely for Plaintiff's refusal to comply with a direct

---

[1] Defendants Hobbs, Culclager, Page III, Magness, Banks, Stephens, and Bankston were previously dismissed.(Doc. No. 16).

2

order to return to general population (*Id*. ¶ 6-8).

### III.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.  ANALYSIS

Defendant Meinzer argues he is entitled to summary judgment because (1) there is sufficient evidence that Plaintiff committed a rules violation at the time the disciplinary was issued, (2) he cannot be held liable based on a theory of *respondeat superior*, and (3) he is entitled to qualified immunity. (Doc. No. 51 at 1-2). Plaintiff opposes each of these arguments (Doc. Nos. 52-54). After careful review of the evidence, the Court concludes there is sufficient evidence that Plaintiff

3

committed a rules violation and the disciplinary was not issued in retaliation.

### A. Some Evidence Rule

Prison officials may not initiate disciplinary charges in retaliation for the exercise of constitutional rights. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). But retaliation claims fail where there is an actual violation of a prison rule. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). A defendant may defeat a retaliatory discipline claim by showing "some evidence" that the inmate actually committed a rules violation. *See Goff v. Burton*, 7 F.3d 734, 738-39 (8th Cir. 1993). The United States Court of Appeals for the Eighth Circuit has held that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). This rule applies even where the report is written by the officer alleged to have engaged in the retaliatory conduct. *Id*.

Here, Defendant Meinzer presents evidence that he wrote Plaintiff a disciplinary violation for failure to comply with a direct order - an established violation of prison rules. (Doc. No. 49-1, 49-6). The charge states that on October 9, 2012, Meinzer met with Davis for his classification hearing. (Doc. No. 49-1 at 1.) "At the end of the classification hearing the decision was made by the committee that he was going to be released to general population and [Meinzer] gave [Davis] a director order to return to general population. He refused [the] direct order to go to general population stating that he would not go." *Id*. During the disciplinary process, Plaintiff pleaded not guilty and contended, "It was voted for [him] to remain in segregation." (Doc. No. 49-3.) He was found guilty by the hearing officer and this decision was affirmed through three levels of appeal. (Doc. No. 49-1 at 2-3. On the final appeal, Director Hobbs denied the appeal and stated, "After

4

reviewing your appeal, I find that you have failed to provide any additional evidence that would warrant modification or reversal of the disciplinary hearing officer's decision. You failed to comply with a direct order to you by staff." (Doc. No. 49-5.) Additionally, Hearing Officer Keith Waddle provided an affidavit stating, "After a fair and impartial consideration of the evidence presented, including Davis's statement, he was found guilty of the disciplinary charge against him." (Doc. No. 49-7). Based on the foregoing, the Court finds that Defendant Meinzer has provided "some evidence" that Plaintiff's disciplinary conviction was based on an actual violation of prison rules.

Although Plaintiff believes that a factual dispute remains as to whether the disciplinary was issued in retaliation for the lawsuit, the Court disagrees. (Doc. No. 53 at 3). While the parties clearly dispute the rationale for the disciplinary violation, the fact remains that the "some evidence" standard is controlling. Defendant Meinzer was required only to submit some evidence that the disciplinary charge was issued for an actual rules violation.[2] He has done so and is entitled to dismissal of Plaintiff's claims on this basis alone.

**B.    Qualified Immunity**

Defendant Meinzer also argues he is entitled to qualified immunity. Qualified immunity protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are

---

[2] Plaintiff also argues that Defendant Meinzer did not forward the disciplinary report to the "chief security offices" until October 12, 2012 - three days after it was written. (Doc. No. 53 at 5). The timing of the charge does not alter the Court's determination that Defendant Meinzer has met the "some evidence" standard.

appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] "Qualified immunity is appropriate only if no reasonable factfinder could answer yes to both of these questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Here, even with the facts viewed in a light most favorable to the Plaintiff, the Court concludes there was no constitutional violation. Accordingly, Defendant Meinzer is entitled to qualified immunity.

V. **CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1. Defendant Meinzer's Motion for Summary Judgment (Doc. No. 49) be GRANTED;

2. Plaintiff's Complaint be DISMISSED with prejudice;

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 22nd day of October, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).